UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ERICA PAGAN, as mother and natural guardian of J.M.

                    Plaintiff,

               -against-

CITY OF NEW YORK; Police Officer Thomas Collazo
Shield No. 20910, Police Officer Justin Lopez Shield
No. 20398, NYPD Officers JOHN and JANE DOE 1
through 10; and all defendants individually and in their
official capacities,

                    Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded

ECF Case No.  23-cv-9436

PLAINTIFF ERICA PAGAN, as mother and natural guardian of J.M. by their attorneys,

THE IRWIN LAW FIRM, PLLC and LAW OFFICES OF ADAM J. ROTH, P.C., complaining of

the Defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

1.      PLAINTIFF brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of

PLAINTIFF'S civil rights, by defendants THE CITY OF NEW YORK, Police Officer Thomas

Collazo Shield No. 20910, Police Officer Justin Lopez Shield No. 20398 and NYPD Officers

JOHN and JANE DOE 1 through 10, as said rights are secured by said statutes and the

Constitutions of the State of New York and the United States.

## PARTIES

2.      PLAINTIFF ERICA PAGAN is a female and has been at all relevant times a

resident of BRONX County in the City and State of New York.

3.    PLAINTIFF ERICA PAGAN is the mother and natural guardian of J.M., a minor.

4.    Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5.    Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department (hereinafter, "NYPD"), duly authorized public authorities and/or police departments, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

6.    At all times relevant defendants Police Officer Thomas Collazo Shield 20910, Police Officer Justin Lopez Shield No. 20398, and NYPD Defendants John & Jane Doe 1 through 10 ("Doe Defendants") were police officers, detectives or supervisors employed by the NYPD. PLAINTIFF does not know the real names and shield/tax numbers of defendants John & Jane Doe 1 through 10.

7.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

8.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

9.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**JURISDICTION, VENUE, AND TIMELINESS**

10.     This action is brought under 42 USC 1983, so jurisdiction is properly before this court pursuant to Federal Question Jurisdiction; 28 USC 1331.

11.     Venue is proper under 28 USC 1391(b)(2).

12.     The instant cause of action accrued on February 1, 2023.

13.     Within 90 days, the plaintiff filed a Notice of Claim with the City of New York.

14.     The City of New York held a statutory hearing, pursuant to General Municipal Law 50-H, of the plaintiff on July 20, 2023.

15.     Therefore, all statutory predicates to filing suit have been met, and the matter is constitutionally ripe for adjudication.

**STATEMENT OF FACTS**

15.     On or about February 1, 2023, at or around 8-9 p.m.., P.O. Collazo and Lopez were acting within their scope of employment with the City of New York.

16.     At or about 8:32 p.m., defendants were patrolling in the vicinity of Saint Theresa Avenue and Westchester Avenue, Bronx, New York.

17.     At that time, the infant plaintiff was in that vicinity as a passenger in a car driven by his friend.

18.     At some point, the infant plaintiff got out of the vehicle.

19.     After he got out of the vehicle, he was struck by a police car. Upon information and belief, the police car was driven and occupied Defendants Collazo and Lopez.

20.     As a result of being struck by the defendants' vehicle, the infant plaintiff suffered multiple spinal fractures in his lumbar, thoracic, and cervical spine, as well as a traumatic brain injury.

21.     After striking the infant plaintiff with the vehicle, the defendants falsely charged the infant plaintiff with six (6) felonies, six (6) misdemeanors, and a violation.

22.     The defendants then forwarded these false allegations to the DA's Office in order to justify the unlawful arrest of PLAINTIFF and to persuade the DA's Office to commence and/or continue the criminal prosecution of PLAINTIFF.

23.     The defendants knew and understood that the DA's Office was relying on the truthfulness of defendants' claims and statements in order to evaluate whether to commence a criminal prosecution against the PLAINTIFF. Defendants were aware that the DA's Office assumed that all of the factual statements, claims and allegations that defendants relayed to the DA's Office were truthful in all material respects.

24.     The infant plaintiff was initially charged as an adult under arrest ID B23604965.

25.     The infant plaintiff's case was then transferred to family court because of his status as a juvenile.

26.     Shortly thereafter, the case was dismissed entirely and is sealed and otherwise unavailable.  See Exhibit A.

27.     Defendants PO COLLAZO and PO LOPEZ pursued the plaintiff and struck him.

28.     Moreover, defendants Supervisor John/Jane Doe supervisors failed to properly train, supervise, and discipline NYPD officers including defendants PO LOPEZ and PO COLLAZO.

29.      John/Jane Doe supervisors failed to properly train, supervise, and discipline NYPD officers including defendants PO COLLAZO and PO LOPEZ, concerning vehicle pursuits, in conformance with PG 221-15.

30.     According to the relevant patrol guides (PG 221-15) and applicable laws, a police chase should never have been undertaken in this instance, due, in part, to the "nature of the offense...time of day."

31.     Moreover, even after they undertook the pursuit, John/Jane Doe officers disregarded relevant factors outlined by patrol guides when undertaking a chase. Specifically, P.G. 221-15(3), explicitly dictates that the pursuing police must "notify radio dispatcher at the start of the pursuit" and "utilize the vehicle's emergency signaling devices intelligently" and "request other units."

32.     But for PO COLLAZO and PO LPOEZ actions, and failure to train, supervise, and discipline by Defendants John/Jane Doe supervisors, and the City of New York, PLAINTIFF would not have been severely injured.

33.     Specifically, in generating police reports and other official documentation, PO COLLAZO, PO LOPEZ, and the John/Jane Doe Officers concealed police involvement and failed to indicate that NYPD officers were involved in any pursuit.

34.     As a result of defendants' actions, PLAINTIFF suffered, and continues to suffer severe physical, emotional distress, mental anguish, fear, pain, bodily injury, anxiety and has incurred significant medical bills for his week-long inpatient hospitalization.

**CLAIM ONE**
**Under State and Federal Law**
**UNLAWFUL STOP, SEARCH, AND SEIZURE**

35.     PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

36.     As a result of the aforesaid conduct by defendants, PLAINTIFF's person and possessions were illegally and improperly seized and searched without consent, a valid warrant,

probable cause, privilege or consent, in violation of his constitutional rights as set forth in the

Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## CLAIM TWO
### Under Federal Law
### FAILURE TO INTERVENE

37.     PLAINTIFF repeats and realleges each and every allegation as if fully set forth

herein.

38.     Those defendants, including NYPD Officers COLLAZO, LOPEZ and DOE police

officers that were present but did not actively participate in the aforementioned unlawful conduct

observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and

prevent such conduct and failed to intervene.

39.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth

And Fourteenth Amendments.

40.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained

the damages hereinbefore alleged.

## CLAIM THREE
### Under State and Federal Law
### UNREASONABLE FORCE

41.     PLAINTIFF repeats and realleges each and every allegation as if fully set forth

herein.

42.     The defendants violated the Fourth and Fourteenth Amendments and New York

State Law because they used unreasonable, excessive, and unjustified force on PLAINTIFF.

43.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained

the damages hereinbefore alleged.

## CLAIM FOUR
### Under State Law
## ASSAULT and BATTERY

44.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

45.     Defendants' aforementioned actions placed PLAINTIFF in apprehension of imminent harmful and offensive bodily contact.

46.     Defendant police officers touched PLAINTIFF in a harmful and offensive manner.

47.     Defendant police officers did so without privilege or consent from PLAINTIFF.

48.     As a result of defendants' conduct, PLAINTIFF has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## CLAIM FIVE
### Under Federal Law
## DELIBERATE INDIFFERENCE TO SAFETY/MEDICAL NEEDS

49.     PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

50.     The individual defendants were aware of a risk to PLAINTIFF's safety and a need for medical care and failed to act in deliberate indifference to PLAINTIFF's needs.

51.     Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to PLAINTIFF's medical needs and safety.

52.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM SIX
### UNDER STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

53.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

54.     Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

55.     Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

56.     Due to the negligence of the defendants as set forth above, PLAINTIFF suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**CLAIM SEVEN**
**Under State Law**
**NEGLIGENCE**

57.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

58.     Defendants had a duty to act as reasonably prudent police officers.

59.     Defendants, in performing the actions complained of, failed to act as reasonably prudent police officers.

60.     But for the defendants' negligence, the plaintiff would not have suffered the injuries complained of.

61.     The defendants' negligence was the proximate cause of the plaintiff's injuries.

62.     As a result of the defendant's negligence, the plaintiff was proximately caused to become paralyzed below the waist.

## CLAIM EIGHT
### Under State Law
## RECKLESSNESS

63.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

64.     Defendants had a duty to act as reasonably prudent police officers.

65.     Defendants, in performing the actions complained of, recklessly failed to act as reasonably prudent police officers.

66.     But for the defendants' recklessness, the plaintiff would not have suffered the injuries complained of.

67.     The defendants' recklessness was the proximate cause of the plaintiff's injuries.

68.     As a result of the defendant's recklessness, the plaintiff was proximately caused to become paralyzed below the waist.

## CLAIM NINE
### Under State and Federal Law
## FALSE ARREST

69.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

70.     The Defendants violated the Fourth and Fourteenth Amendments because they arrested PLAINTIFF without probable cause, privilege or consent.

71.      As a direct and proximate result of this unlawful conduct, PLAINTIFF'S liberty was restricted for an extended period of time, was put in fear of physical safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

**CLAIM TEN**
**Under State and Federal Law**
**MALICIOUS ABUSE OF PROCESS**

72.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

73.     The individual defendants issued legal process to place PLAINTIFF under arrest.

74.     The Municipal Defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

75.     The Municipal Defendants acted with intent to do harm to PLAINTIFF without excuse or justification.

76.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, deprivation of constitutional rights, in addition to the damages hereinbefore alleged.

**CLAIM ELEVEN**
**Under Federal Law**
**MUNICIPAL MONELL LIABILITY**

77.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

78.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

79.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

i.  Pursuing and stopping individuals regardless of probable cause in order to inflate the officer's arrest statistics;

ii.  Pursing and stopping innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

iii.  Fabricating evidence in order to cover up police misconduct;

iv.  Using excessive force, negligent and reckless behavior and vehicle operation to engage in pursuits;

v.  Violating patrol guides to conduct negligent and reckless pursuits of individuals traveling in vehicles;

vi.  Fabricating evidence in order to cover up excessive use of force;

vii.  Destruction of evidence in order to conceal police misconduct;

viii.  Deactivating body worn cameras to conceal police misconduct;

ix.  fabricating evidence in order to cover up police misconduct.

80.  The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the PLAINTIFF.

81.  The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the PLAINTIFF as alleged herein.

82.  The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the PLAINTIFF as alleged herein.

83.  Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the PLAINTIFF's constitutional rights.

84.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the PLAINTIFF's constitutional rights.

85.     The acts complained of deprived the PLAINTIFF of his right:

1.  Not to be deprived of liberty without due process of law;

2.  To be free from seizure and arrest not based upon probable cause;

3.  Not to have summary punishment imposed upon him; and

4.  To receive equal protection under the law.

**WHEREFORE**, PLAINTIFF respectfully requests judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

DATED:      New York, NY
            October 26, 2023

_____/s/_____
BY: Ethan D. Irwin, Esq.
The Irwin Law Firm, PLLC
305 Broadway, Suite 717
New York, NY 10007
ethan@ethanirwinlaw.com
*Attorney for Plaintiff*

Adam Roth, Esq.
Law Offices of Adam J. Roth
112 West 34th Street, 18th Floor
New York, New York 10120
212-922-3741
212-253-4157
adamjrothesq@gmail.com
*Attorney for Plaintiff*